NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0186n.06

No. 21-1843

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 21, 2023 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| EDRES MONTGOMERY, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before:  KETHLEDGE, WHITE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Edres Montgomery appeals his resentencing under the First Step Act as substantively unreasonable.  Because the district court did not abuse its discretion in sentencing Montgomery within his recalculated Guidelines range or in applying the factors set forth in 18 U.S.C. § 3553(a), we **AFFIRM**.

## I.  BACKGROUND

We have considered Montgomery's sentence twice before.  *See United States v. Montgomery* (*Montgomery I*), 358 F. App'x 622, 625 (6th Cir. 2009); *United States v. Montgomery* (*Montgomery II*), 998 F.3d 693, 697 (6th Cir. 2021).  In short:

In 2007, a jury convicted Montgomery of conspiracy to distribute cocaine or cocaine base, distribution of cocaine base, and witness tampering.  At the time, the conspiracy conviction required a mandatory sentence of life in prison, on top of which he received a separate 360-month sentence for the distribution count.  Then, three years later, Congress passed the Fair Sentencing Act of 2010, which changed the sentencing scheme for offenses involving crack cocaine.  But the Fair Sentencing Act did not make those changes retroactive, so they did not help Montgomery.  More recently, in 2018, Congress passed the First Step Act, which

made the Fair Sentencing Act's changes to crack-cocaine offenses retroactive, allowing defendants like Montgomery to move for a reduced sentence. He did so in 2019[.]

*Montgomery II*, 998 F.3d at 696 (citations omitted). The district court recalculated his Guidelines range to ensure that it sentenced him under the Guidelines as they existed at the time of resentencing, concluding that his new range was 292 to 365 months for the conspiracy count and 151 to 188 months for the distribution count (based on a Criminal History Category of VI and a total offense level of 35). *Id.* at 697. After considering the relevant sentencing factors, the district court varied downward by 17 months, reducing Montgomery's sentence to 275 months and 145 months for the respective counts, to be served concurrently. *Id.* Montgomery appealed, arguing that the district court erred in placing him in Criminal History Category VI rather than Category V. We agreed and vacated the sentence, explaining that Montgomery had "received one extra criminal history point for committing the offense for which he was being sentenced within two years of release from prison. That point tipped him into Criminal History Category VI. But a few years later, in 2010, the Sentencing Commission amended the Guidelines to eliminate that recency penalty. So, under the current Guidelines, Montgomery would be in Criminal History Category V."[1] *Id.* at 700 (citations omitted).

On remand, the district court issued an opinion outlining its disagreement with our reasoning, *United States v. Montgomery*, 582 F. Supp. 3d 485 (E.D. Mich. 2021), but, bound by our decision, ordered the preparation of a new presentence report (PSR), which found that the new

---

[1] This reasoning was later questioned by *Concepcion v. United States*, — U.S. —, 142 S. Ct. 2389 (2022). "That the First Step Act requires district courts to account at the Guidelines-recalculation stage for one set of changes—those changes that reflect the Fair Sentencing Act's amendments—does not require district courts to account for all other Guidelines changes." *United States v. Woods*, 61 F.4th 471, 479 (6th Cir. 2023). The Act "directs district courts to apply only sections 2 and 3 of the Fair Sentencing Act, not any other sections or statutes." *Id.* at 480. But at the § 3553 stage of sentencing, "[w]hen deciding whether to modify a sentence or by how much, district courts enjoy broad discretion to consider intervening changes of law and fact." *Id.* at 481 (citing *Concepcion*, 142 S. Ct. at 2404).

Guidelines range for the conspiracy count was 262 to 327 months. Montgomery argued that he should receive a sentence comparable to his previous one; that is, the district court should again vary downwards from the Guidelines range by 17 months and sentence him to 245 months' imprisonment for the conspiracy count. At the ensuing resentencing hearing, the district court briefly explained that, having considered the relevant § 3553(a) factors, especially the nature, circumstances, and seriousness of Montgomery's offense, as well as his post-sentencing conduct, its previous assessment remained appropriate. The court imposed the same sentence as before, 275 months. Montgomery objected, and this timely appeal followed.

## II. ANALYSIS

We review Montgomery's argument that the 275-month sentence is substantively unreasonable for abuse of discretion. *United States v. Johnson*, 24 F.4th 590, 607 (6th Cir. 2022).

"A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). The sentencing court may, however, "place great weight on one factor if such weight is warranted under the facts of the case." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013). "[T]he manner in which a district court chooses to balance the applicable sentencing factors" is therefore "beyond the scope" of our review. *Id.* A sentence that falls within a correctly calculated Guidelines range is presumed to be reasonable. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Montgomery analogizes his situation to that of the defendant in *United States v. Johnson* (*M. B. Johnson*), 26 F.4th 726 (6th Cir. 2022). Johnson had been sentenced to 300 months'

imprisonment, an upward variance from his calculated Guidelines range of 200 to 235 months. *Id.* at 731. After a lengthy procedural history, Johnson moved for a sentence reduction pursuant to Section 404 of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). *Id.* at 732. The district court found Johnson eligible for relief and recalculated his Guidelines range (now 160 to 185 months), but denied his motion based on "renewed consideration" of the § 3553(a) factors. *Id.* at 733. The sentencing court reimposed the 300-month sentence, concluding that, although Johnson's "post-sentencing rehabilitation efforts are commendable, the nature and circumstances of [his] offense and the need to protect the public, primarily based on [his] criminal history, outweigh those efforts." *Id.*

On appeal, we found that Johnson's sentence was substantively unreasonable. The district court had effectively imposed a 115-month upwards variance, and "[t]he greater the variance, the more compelling the justification must be." *Id.* at 738 n.8 (quoting *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020)). We held that the district court unduly weighed two of the Section 3553(a) factors, specifically factor (a)(1), the nature of the offense and Johnson's criminal history and characteristics, and factor (a)(2), the need for the sentence to deter future criminal conduct and protect the public from future crimes of the defendant. *Id.* at 737-40. It also gave too *little* weight to factor (a)(6), the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. *Id.* at 740-41. We concluded that the district court had abused its discretion in maintaining a 115-month upward variance given the case's similarity to other, "typical" cases in which within-Guidelines sentences are sufficient but not greater than necessary to meet the goals of sentencing. *Id.* at 741.

Montgomery's comparison is unpersuasive. For one thing, given Johnson's recalculated Guidelines range, his 300-month sentence represented the "greatest possible upward variance" for

his drug convictions. *Id.* at 740 (quoting *United States v. Warren*, 771 F. App'x 637, 641 (6th Cir. 2019)). Montgomery's 275-month sentence, on the other hand, was within his recalculated Guidelines range—in fact, on its lower end.

We do not disagree that the *M. B. Johnson* court's justification for its sentence was longer and more detailed than the explanation the sentencing court gave here, but "there is no requirement that the district court engage in a ritualistic incantation of the § 3553(a) factors" in order to render a reasonable sentence. *United States v. Zabel*, 35 F.4th 493, 505 (6th Cir. 2022) (quoting *United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006)). Having presided over Montgomery's trial and sentenced him twice before, the district court was deeply familiar with the facts of the case and the relevant sentencing factors. At resentencing, the court reexamined the PSR, reviewed Montgomery's sentencing memorandum, and considered Montgomery's arguments about his rehabilitative efforts. In the end, the court's concern about the nature of Montgomery's offense and his post-sentencing conduct outweighed those efforts, and it sentenced him to a within-Guidelines term of imprisonment. *See United States v. Hall*, 20 F.4th 1085, 1098-99 (6th Cir. 2022). Montgomery cannot overcome that sentence's presumed reasonableness by pointing broadly to "the record." Faced with the same set of facts on remand, it was not unreasonable for the district court to impose the same sentence, now within the applicable Guidelines range, as it did here.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Montgomery's sentence.